TURNER LAW FIRM, LLC
**BY: ANDREW R. TURNER, ESQ.**
76 South Orange Avenue - PO Box 526
South Orange, New Jersey 07079
973-763-5000
Attorneys for Creditor Women's Ultrasound, LLC
**ART 8574**

| | |
|---|---|
| In re<br><br>ADRIENNE SMITH a/k/a<br>ADRIENNE COUSINS<br><br>      Debtor | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 09-31104 (NLW)<br><br>Chapter 7 |
| Plaintiff<br><br>WOMEN'S ULTRASOUND, LLC<br><br>v.<br><br>Defendant<br><br>ADRIENNE SMITH a/k/a<br>ADRIENNE COUSINS | Adv. No. 09-02352 (NLW)<br><br><br>CERTIFICATION OF<br>ANDREW R. TURNER, ESQ. |

Andrew R. Turner, of full age, certifies as follows:

  1. I am a member of the Turner Law Firm, LLC, attorneys for the Creditor, and am fully familiar with the matters set forth herein.

  2. On April 29, 2010, the Court filed a consent order resolving the adversary proceeding and settling the case.

  3. A true and correct copy of the consent order is annexed hereto as Exhibit A, and the terms of the same are specifically incorporated herein by reference.

4. As set forth in paragraph 2 of the consent order, the Debtor was to pay the total sum of $5,400.00 on or before April 15, 2011.

5. To date, the Debtor has paid only a total of $3,250.00, which amount is less than the agreed upon settlement.

6. The consent order called for regular monthly payments of $250.00 between May 15, 2010 and March 15, 2011.

7. The Debtor did not comply with these terms of the consent order as she only made payments in May, June, July, August, and October of 2010.

8. Two payments of $250.00 each in October and November 2010 were not honored when presented for payment, and the Debtor did not make good on the same.

9. At or about that same time (November 2010), the Debtor advised she was on extended disability and unable to make regular monthly payments.

10. As an accommodation, Plaintiff agreed to refrain from enforcement of the consent order and suspend the obligation to make monthly payments so long as the total agreed settlement of $5,400.00 was paid by April 15, 2011, which was some five months later.

11. On April 18, 2011, the Debtor made an additional single payment of $1,000.00.

12. The Debtor's payment of $1,000.00 on April 18 brought the total amount paid to $3,250.00, an amount less than the agreed settlement of $5,400.00.

13. On April 25, I wrote to Debtor's counsel advising of the deficiency and requesting the balance of money due in accordance with the consent order, and asked the same be paid within fourteen days. A true copy of my letter to counsel is annexed as Exhibit B.

14. More than fourteen days have elapsed and the Debtor has not made the additional payment, and remains in default under the terms of the consent order.

15. Pursuant to paragraph 4 of the consent order, Plaintiff is entitled a judgment of $10,000.00, less credit for any payments made. Giving credit for the $3,250.00 paid and received leaves a balance of $6,750.00.

16. This certification is made in support of Plaintiff's application for a judgment declaring the sum of $6,750.00 non-dischargeable pursuant to the consent order filed April 29, 2010, and the Debtor's failure to make payment thereunder.

I certify the foregoing statements made by me are true. I am aware if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

/s/ Andrew R. Turner
ANDREW R. TURNER

Dated: May 10, 2011

Order Filed on
04/29/2010
by Clerk U.S. Bankruptcy
Court District of New Jersey

TURNER LAW FIRM, LLC
BY: ANDREW R. TURNER, ESQ.
76 South Orange Avenue - PO Box 526
South Orange, New Jersey 07079
973-763-5000
Attorneys for Creditor Women's Ultrasound, LL
ART 8574

| In re<br><br>ADRIENNE SMITH a/k/a<br>ADRIENNE COUSINS<br><br>Debtor | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 09-31104 (NLW)<br><br>Chapter 7 |
|---|---|
| Plaintiff<br><br>WOMEN'S ULTRASOUND, LLC<br><br>v.<br><br>Defendant<br><br>ADRIENNE SMITH a/k/a<br>ADRIENNE COUSINS | Adversary No. 09-02352 (NLW)<br><br><br><br>**CONSENT ORDER RESOLVING**<br>**ADVERSARY PROCEEDING and**<br>**SETTLING CASE** |

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: 04/29/2010**

_/s/ Novalyn L. Winfield_
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

NOVALYN L. WINFIELD,    U.S.B.J.

EXHIBIT A

This matter having been opened to the Court, by consent of the parties, and pursuant to a settlement achieved, and the Court having reviewed the record in this matter, and good cause appearing; it is

**ORDERED** that

1. the within Adversary Proceeding be and hereby is marked SETTLED pursuant to the terms contained in this order;

2. the terms of settlement are Defendant shall pay, and Plaintiff has agreed to accept, the total sum of $5,400.00 payable as follows:

    (a)  $1,000.00 on or before 04/15/10;

    (b)  $ 250.00 per month from 05/15/10 through 03/15/2011; and,

    c)  $1,650.00 on or before 04/15/11.

3. all payments are to received by counsel for the Plaintiff Turner Law Firm, LLC, PO Box 526, South Orange, New Jersey, on or before the due dates set forth above. Defendant may pre-pay the entire settlement amount at any time without penalty;

4. if a payment is not received by the due date, Defendant shall be in default. In the event a default is not cured within seven (7) days of the original due date, Plaintiff shall be entitled to file a certification with the Bankruptcy Court requesting the entry of judgment for the full amount demanded in the adversary complaint ($10,000.00), less credit for any payments made;

2

*Approved by Judge Novalyn L. Winfield April 29, 2010*

5. any judgment entered shall be a non-dischargeable debt pursuant to 11 U.S.C. §23;

6. should Defendant make all payments in accordance with the terms set forth above, the within Adversary Proceeding shall be dismissed with prejudice and without costs to any party;

7. in the interim, and subject to the payment terms set forth above, the within Adversary Proceeding shall be marked "settled" by the Court and the case closed in the usual course. However, the Bankruptcy Court shall retain jurisdiction over this matter to enter judgment in accordance with provisions of this order and/or accept a stipulation of dismissal for filing as set forth above; and,

8. a copy of this order shall be served by telefax upon counsel for the Defendant within two (2) days of receipt by Plaintiff's counsel.

WE HEREBY CONSENT TO THE FORM AND ENTRY OF THE WITHIN ORDER.

| TURNER LAW FIRM, LLC | LAW OFFICES GUS M. FARINELLA |
| Attorneys for Plaintiff | Attorneys for Defendant |
| BY: _____ | BY: _____ |
| ANDREW R. TURNER | RYAN L. GENTILE |
| Dated: April 27, 2010 | Dated: April 26, 2010 |
| | _____ |
| | ADRIENNE SMITH, Defendant |
| | Dated: April 20, 2010 |

3

Received Time Apr. 21. 4:36PM

*Approved by Judge Novalyn L. Winfield April 29, 2010*

# TURNER Law Firm, LLC

76 South Orange Avenue • P.O. Box 526 • South Orange, NJ 07079-0526   **973.763.5000**   973.763.0568 *fax*

April 25, 2011

**Via Telefax 212-675-4367
and Regular Mail**
Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella PC
15 Park Avenue - Suite One South
New York, New York 10016

    Re:  Women's Ultrasound, LLC
    Vs:  Adrienne Smith
         Case No. 09-02352 (NLW)

    Re:  Women's Ultrasound, LLC
    Vs:  Adrienne Smith
         Adv. Pro. No. 09-02352 (NLW)

Dear Mr. Gentile:

    I write in furtherance of our correspondence from late last year (November 19) and your client's advice she was on extended disability.

    Pursuant to the consent order resolving adversary proceeding and settling case filed by Judge Winfield on April 29, 2010, our client was to receive the total sum of $5,400.00 on or before April 15, 2011. The agreement called for monthly payments of $250.00 between May 15, 2010 and March 15, 2011. Based upon your client's representation of the long-term disability leave, we agreed to waive the regular monthly payments so long as the total sum of $5,400.00 was received on or before April 15, 2011 as provided in the consent order.

    On April 18, we received a single payment of $1,000.00 which brought the total paid to date to $3,250.00, an amount which is $1,150.00 below the $5,400.00 settlement.

    I am writing to provide you with an update of the monies received and notice of the deficiency. I spoke with our client and if your client makes payment of the balance ($1,150.00) to bring the total to $5,400.00 within two weeks (by May 9), we will consider the matter resolved in accordance with the original consent order. However, if your client does not make payment, we will proceed to enforce the terms of the consent order by seeking judgment in the amount of $6,750.00, which sum shall be declared non-dischargeable. This sum reflects credit for the payments made

EXHIBIT B

Ryan L. Gentile, Esq.
Women's Ultrasound v. Smith
April 25, 2011
Page 2

to date and the $10,000.00 agreed judgment amount as set forth in the consent order.

    I trust you appreciate the courtesy of this letter, and will advise regarding payment. Please note I am not authorized to alter the terms set forth above as our client already made concessions to your client regarding the monthly payments, and a short extension regarding the balance. Obviously, we could have filed an application for judgment long ago and certainly after the final payment was not received on April 15. I hope we can conclude this matter promptly.

                            Very truly yours,

                            ANDREW R. TURNER

                            ANDREW R. TURNER

ART:a

cc    Dr. Carl J. Saphier
       Women's Ultrasound, LLC
       **Via Telefax 201-569-6835**